UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | No. 2:15-cv-01401-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| AARON SCOTT TOTO, et al., | |
| Defendants. | |

Joe Hand Promotions, Inc. (JH) moves to reopen this case, which the Clerk's Office closed after the parties filed a stipulation of dismissal. The matter was submitted without a hearing. The motion is denied.

I.  BACKGROUND

JH filed a complaint in this court in July 2015. It alleged the defendants had intercepted and displayed the "Ultimate Fighting Championship 175: Chris Weidman v. Lyoto Machida," without a license in violation of 47 U.S.C. §§ 605, 553, and California law. ECF No. 1. In March of this year, JH filed a notice of settlement, ECF No. 31, and the parties filed a stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(ii), ECF No. 33. In light of this dismissal, the Clerk's Office closed the case on April 1, 2016. ECF No. 34.

About a month later, JH moved to reopen the case and enforce the settlement agreement. ECF No. 35. Counsel explained in a declaration that the defendants have not complied with the terms of the settlement agreement, but does not explain the nature of the alleged breach. The defendants oppose the motion to re-open, ECF No. 36, and JH replied, ECF No. 37.

II.    DISCUSSION

The words of the Supreme Court in *Kokkonen v. Guardian Life Ins. Co. of Am.* apply here with full force:

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.
>
> The dismissal in this case issued pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), which provides for dismissal "by filing a stipulation of dismissal signed by all parties who have appeared in the action," and causes that dismissal to be with prejudice if (as here) the stipulation so specifies. Neither the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation.
>
> . . .
>
> The short of the matter is this: The suit involves a claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit. No federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute.

511 U.S. 375, 377–78, 381 (1994) (citations and quotation marks omitted).

It is true that "the trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it." *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994) (quoting *Autera v. Robinson*, 419 F.2d 1197, 1200 (D.C. Cir. 1969)). But here the case is not pending, but closed. The court therefore lacks jurisdiction to enforce the parties' settlement agreement.

JH argues correctly in its reply brief that the court may grant a motion to re-open settled litigation under Federal Rule of Civil Procedure 60(b) if one of the parties repudiates the settlement agreement. *Delay v. Gordon*, 475 F.3d 1039, 1044 n.11 (9th Cir. 2007); *Keeling v.*

*Sheet Metal Workers Int'l Ass'n, Local Union 162*, 937 F.2d 408, 410 (9th Cir. 1991). The decision is discretionary. *Keeling*, 937 F.2d at 410. Yet JH has not demonstrated the defendants here have repudiated the settlement agreement. *See, e.g.*, *Menefield v. Yates*, No. 10-2406, 2012 WL 5288796, at *2 (E.D. Cal. Oct. 24, 2012) (denying a motion to re-open settled litigation under Rule 60(b) where the evidence did not establish repudiation), *aff'd*, 551 F. App'x 364 (9th Cir. 2014). Rather JH's motion is supported by a one-page declaration with one bare statement: "Defendants have not complied with the terms of the settlement agreement . . . ." Riley Decl. ¶ 5, ECF No. 35-1.

"In the usual course upon repudiation of a settlement agreement, the frustrated party may sue anew for breach of the agreement and may not, as here, reopen the underlying litigation after dismissal." *Keeling*, 937 F.2d at 410. Only "extraordinary circumstances" justify the reopening of a settled case due to repudiation. *See id.* No extraordinary circumstances here warrant a departure from the ordinary rule, enforcement of contract under state law in a separate action.

III.   CONCLUSION

The motion to re-open this case is DENIED.

IT IS SO ORDERED.

DATED: June 20, 2016.

_____
UNITED STATES DISTRICT JUDGE